**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

| | |
|---|---|
| United States of America, | Case No. 19-cr-0168 (MJD/HB) |
| Plaintiff, | |
| v. | **REPORT AND RECOMMENDATION** |
| Salina Kay Goodwin (7), | |
| Defendant. | |

HILDY BOWBEER, United States Magistrate Judge

This case is before the undersigned United States Magistrate Judge on Defendant Salina Kay Goodwin's Motion to Reconsider Defendant's Order for Detention [Doc. No. 309], which was referred to this Court by the Honorable Michael J. Davis, United States District Court Judge [Doc. No. 319]. The Court finds the matter is suitable for determination without a hearing and is submitted on the papers. For the reasons set forth below, the Court recommends that the motion be denied.

I.    **BACKGROUND**

Defendant Salina Kay Goodwin was charged with Conspiracy to Distribute Methamphetamine and Cocaine, in violation of 21 U.S.C. §§ 841 and 846. (Indictment at 1–2 [Doc. No. 20].) The Honorable Tony N. Leung, United States Magistrate Judge, held a detention hearing on May 28, 2019. Before the hearing, a Pretrial Services officer interviewed Goodwin, reviewed her criminal history, and issued a report recommending that Goodwin be released on a $25,000 unsecured bond, subject to certain conditions.

(Pretrial Services Report at 9 [Doc. No. 17].)  Magistrate Judge Leung ordered Goodwin released, subject to conditions, including that she remain on home detention with location monitoring and submit to testing for prohibited substances by the pretrial services office. (Order of Detention at 3–4 [Doc. No. 13].)

Goodwin struggled with the conditions of her release and incurred repeated violations, including positive drug screenings, failing to charge her GPS monitoring device, and one "serious location monitoring violation" in which she lied to her Pretrial Services officer about her location and was subsequently placed on lockdown at her friend's residence.  (Status Report at 2 [Doc. No. 316].)  On November 12, 2019, Goodwin appeared before the Judge Davis to enter a change of plea.  However, in the "moments prior to the hearing" Goodwin submitted a drug screen that was positive for heroin.  (*Id.* at 1.)  After Goodwin admitted to using illicit substances, Judge Davis declined to accept Goodwin's plea and remanded her into custody.  (*Id.*)  She has been in continuous custody since then.

On December 18, 2019, Goodwin pleaded guilty to Conspiracy to Distribute 500 Grams or More of a Mixture or Substances Containing a Detectable Amount of Methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846.  [Doc. No. 288.]  She is currently awaiting sentencing.

In light of the COVID-19 pandemic, Goodwin now moves for reconsideration of her detention.  She argues that the pandemic amounts to a change in circumstances that warrants such reconsideration, and asks that the Court release her to the Minnesota Adult

& Teen Challenge in-patient chemical dependency treatment program, which she is hopeful she could complete before she is sentenced.

In addition to the reports previously prepared by Pretrial/Probation Services [Doc. Nos. 17, 178, 215], the Court has received and reviewed an updated status report from Pretrial/Probation Services [Doc. No. 316]. Goodwin's former supervising officer was "supportive of the defendant's motion for release" if the Court found there were exceptional reasons to negate the presumption of mandatory detention under 18 U.S.C. § 3143. (*Id.* at 3.) The officer stated that she believed "the risks of nonappearance and safety of the community can be mitigated through a combination of . . . conditions and the terms originally imposed." (*Id.*) The Government filed a response in opposition to Goodwin's motion on April 30, 2020 [Doc. No. 318]. Goodwin did not file a reply.

## II.    DISCUSSION

Release of a defendant post-guilty plea but pre-sentencing is governed by 18 U.S.C. § 3143. Under that statute, a person who has been found guilty of an offense "for which a maximum term of imprisonment of ten years or more is prescribed in the Controlled Substances Act" must be detained, with limited exceptions. 18 U.S.C. § 3143(a)(2); § 3142(f)(1)(C). A court can release such an individual, however, if it finds both (1) that there is a substantial likelihood a motion for acquittal or new trial will be granted, or an attorney for the government has recommended that no sentence of imprisonment may be imposed on the person; and (2) by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or to the community. 18 U.S.C. § 3143(a)(2)(A)–(B).

Goodwin was found guilty of a drug trafficking offense in violation of 21 U.S.C. §§ 841(a)(1), (b)(1)(A) and 846, which carries a maximum term of life imprisonment. [Doc. No. 288.]  Goodwin has not argued, and the Court sees no indication, that a motion for acquittal has been filed or that the government is not recommending that Goodwin serve a sentence of imprisonment.  Therefore, once she was found guilty, Goodwin was subject to mandatory detention under § 3143(a)(2).

However, a person subject to mandatory detention under § 3143(a)(2) may nevertheless be released if she shows by clear and convincing evidence (1) she is not likely to flee or pose a danger to the safety of any other person or the community and (2) there are "exceptional reasons" why detention would not be appropriate.  18 U.S.C. § 3145(c).

Goodwin argues she is entitled to temporary release under 18 U.S.C. § 3142(i), which permits a judicial officer to "permit the temporary release of the person, in the custody of a United States marshal or another appropriate person, to the extent that the judicial officer determines such release to be necessary for preparation of the person's defense or for another compelling reason."  But § 3142 only applies to individuals held in pretrial detention.  Fed. R. Crim. P. 46(a), (c).  It does not govern release post-conviction while pending sentencing or appeal.  *Id.*  Accordingly, § 3142(i) does not provide a basis on which to reconsider Goodwin's detention.

Instead, the Court construes Goodwin's motion as raising a challenge to her detention under § 3145(c); *see also United States v. Neadeau*, Cr. No. 19-00145 (DWF/LIB), 2020 WL 1694853, at *1 (D. Minn. April 7, 2020) (construing a defendant's

4

post-conviction motion for temporary release under the applicable provision).  Goodwin

must therefore establish both (1) that she is unlikely to flee and does not pose a risk to the

community and (2) exceptional circumstances that require revisiting the appropriateness

of her detention.

### A.    Risk of Flight and Danger to the Community

"The burden of establishing that the defendant will not flee or pose a danger to any

other person or to the community rests with the defendant."  Fed. R. Crim. P. 46(c).

Goodwin makes no argument regarding flight or risk to the community, and presents no

evidence in favor of such a finding.  However, Goodwin's supervising Pretrial/Probation

Services officer indicated her support for Goodwin's release based on the officer's belief

"that risks of nonappearance and safety of the community can be mitigated through a

combination of [new] conditions and the terms originally imposed [by Magistrate Judge

Leung]."  (Status Report at 3.)  The officer suggested the following new conditions:

1.    The defendant shall participate in inpatient treatment program at
Minnesota Adult and Teen Challenge and adhere to all rules,
regulations, and recommendations of the program.

2.    The defendant shall be subject to home incarceration while
participating in treatment.  Specifically, she shall only be permitted
to leave at the direction of the Minnesota Adult and Teen Challenge
staff, as approved by the supervising U.S. Probation and Pretrial
Services officer.

3.    The United States Marshall shall be ordered to keep the defendant in
custody until notified by the U.S. Probation and Pretrial Services
Office that the defendant has posted bond and/or complied with all
other conditions of release. . . .

(*Id.*)  The Court weighs heavily such a recommendation, particularly given the challenges

of supervision in the context of the COVID-19 pandemic and Goodwin's history of non-

compliance with the conditions of her release.  However, Goodwin's supervising officer

was clear that her recommendation could only address the first prong of § 3145(c) and

was therefore still subject to this Court's finding that that there are "exceptional reasons

within the meaning of 18 U.S.C. § 3145(c) to negate the applicability of mandatory

detention in this matter."  (*Id.*)  Accordingly, the Court turns to the question of whether

there are such exceptional reasons here.

### B.    Exceptional Reasons

Exceptional reasons are those that are "clearly out of the ordinary, uncommon, or

rare." *United States v. Schmitt*, 515 F. App'x 646, 647 (8th Cir. 2013).  The Eighth

Circuit has construed this statute narrowly, finding that circumstances such as a

defendant's placement in a mental health treatment program pending his assignment to a

federal correctional institution, combined with the likelihood that the defendant was at

risk of being a victim of violence if detained before he was assigned to a correctional

institution, were not sufficiently exceptional reasons.  *United States v. Brown*, 368 F.3d

992, 993 (8th Cir. 2004).

Goodwin argues that the "COVID-19 pandemic and its impact on the federal

judicial system present a change in circumstances" meriting this reconsideration.  (Mot.

Reconsid. at 3 [Doc. No. 309].)  In particular, Goodwin states that she has been

diagnosed with Hepatitis C, "which affects the immune system" and which makes her

"more susceptible" to the virus.  (*Id.*)  She also argues that she is in need of treatment for

her chemical dependency and states that she was accepted into the Minnesota Adult &

Teen Challenge in-patient treatment program in December 2019 but did not enroll,

6

apparently because "it was unclear as to whether Ms. Goodwin would be able to complete the program prior to sentencing." (*Id.*) Now, in light of delays in scheduling Goodwin's sentencing, she believes she has time to complete the program. (*Id.*) In essence, she argues that it would be sensible to use the delays occasioned by the pandemic to complete her treatment.

Like many other courts, this Court is mindful of "the gravity of the COVID-19 pandemic and . . . the unprecedented circumstances it presents both for society at large and for the prison system." *E.g.*, *United States v. Morris*, Cr. No. 17-107-01 (DWF/TNL), 2020 WL 1471683, at *3 (D. Minn. Mar. 26, 2020). It also appreciates Goodwin's particular considerations, such as her health condition and her need for treatment for substance abuse issues. However, the Court does not find that these circumstances warrant a release from custody because they do not present exceptional reasons for release within the meaning of 18 U.S.C. § 3145(c).

First, courts in this district have repeatedly found that the COVID-19 pandemic is not, in itself, an exceptional reason for release under § 3145(c). *E.g.*, *Neadeau*, 2020 WL 1694853, at *3–*4; *Morris*, 2020 WL 1471683, at *3–*4; *United States v. Victor Manuel Quijada*, Cr. No. 19-276 (DSD/TNL) (D. Minn. Mar. 20, 2020). And the Eighth Circuit has been clear that "a defendant's participation in a treatment program is not an extraordinary reason" meriting release. *Brown*, 368 F.3d at 993. Moreover, Goodwin's proposal offers no reason to believe that release to an in-patient treatment program would do anything to alleviate her concern about risk of infection, given the program's communal housing.

In that regard, the Court considers the measures undertaken by the Sherburne County Jail to protect and care for pretrial detainees during the COVID-19 pandemic. (*See generally* Frank Aff. [Doc. No 318-1].)  As of April 17, 2020, there were no known cases of COVID-19 in the Jail.  (*Id.* ¶ 4.)  The Jail has also implemented a number of new procedures, both to monitor staff and inmates for signs of illness, and to effectively treat and contain an outbreak of the virus, should one arise.  All new arrivals are quarantined for 14 days before being housed in the general population and are monitored for signs of illness.  (*Id.* ¶ 10.)  Staffing schedules and briefings have been modified to prevent transmission of the virus, and staff are screened each day when they arrive at work.  (*Id.* ¶ 24.)  The Jail has also modified its air exchange system to decrease the amount of air being recirculated throughout the facility, and has increased its cleaning and sanitation procedures.  (*Id.* ¶¶ 17, 18.)

Accordingly, the Court concludes that the circumstances here do not present "exceptional reasons" warranting release under § 3145(c).  Based on the foregoing, and the files, records, and proceedings herein, the Court recommends that Defendant Salina Kay Goodwin's Motion to Reconsider Defendant's Order for Detention [Doc. No. 309] be **DENIED**.

Dated: May 4, 2020                    _s/ *Hildy Bowbeer*_____
                                      HILDY BOWBEER
                                      United States Magistrate Judge

## NOTICE

**Filing Objections:** This Report and Recommendation is not an order or judgment of the District Court and is therefore not appealable directly to the Eighth Circuit Court of Appeals.  Under D. Minn. LR 72.2(b)(1), "a party may file and serve specific written objections to a magistrate judge's proposed finding and recommendations within 14 days after being served a copy" of the Report and Recommendation.  A party may respond to those objections within 14 days after being served a copy of the objections.  D. Minn. LR 72.2(b)(2).  All objections and responses must comply with the word or line limits set forth in D. Minn. LR 72.2(c).

**Under Advisement Date:** This Report and Recommendation will be considered under advisement 14 days from the date of its filing.  If timely objections are filed, this Report and Recommendation will be considered under advisement from the earlier of: (1) 14 days after the objections are filed; or (2) from the date a timely response is filed.